UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **5:24-cv-01139-MCS-SHK** | Date | July 22, 2024 |
| Title | *Dondiego v. Monje* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER DISMISSING ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(B) (JS-6)**

Plaintiff Jesus Cisneros Dondiego brings this action against Defendants Correctional Officer Monje, Correctional Officer Pementel, and Correctional Officer Ortega. (Compl., ECF No. 1.) The Court postponed ruling on Plaintiff's request to proceed without prepayment of filing fees because he did not submit a certified copy of a trust fund statement from his institution. The Court ordered Plaintiff to provide such a statement within 30 days and warned that failure to do so would result in dismissal of the case without prejudice. (Order on Req. to Proceed Without Prepayment of Filing Fees, ECF No. 4.) Plaintiff did not timely do so. Instead, orders and notices sent to Plaintiff's address of record were returned by the United States Postal Service as undeliverable. (ECF Nos. 5, 7–8.) Thus, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute and failure to keep the Court aware of his current address. The Court again warned that failure to file a timely response would result in dismissal without further notice. (Order to Show Cause, ECF No. 6.) Plaintiff did not file a timely response.

A district court may dismiss an action for failure to prosecute or comply with court orders. Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (reviewing courts' authority to dismiss for failure to prosecute). Local Rule 41-6 specifically

provides that if a court order is returned by the United States Postal Service as undeliverable, the Court may dismiss the action for failure to prosecute. Dismissal is a "harsh penalty" that "should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260. Courts must consider five factors before dismissing a case under Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

Having considered these factors, dismissal is warranted for failure to prosecute, failure to comply with a court order, and failure to keep the Court apprised of Plaintiff's address. The public's interest in expeditious resolution of litigation and the Court's interest in docket management both favor dismissal, as Plaintiff's inattentiveness to the Court's order indicates a lack of diligence in prosecuting the case without delay. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."). The risk of prejudice to Defendant favors dismissal, as "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643; *see also Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) ("[A] presumption of prejudice arises from a plaintiff's unexplained failure to prosecute . . . ."). Although the public policy favoring disposition on the merits always weighs against dismissal, "this factor lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Allen v. Bayer Corp. (In re Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotation marks omitted). Finally, the Court warned Plaintiff that failure to respond to the Court's orders would result in dismissal, "satisfy[ing] the consideration of alternatives requirement." *Ferdik*, 963 F.2d at 1262; *accord Allen*, 460 F.3d at 1229.

The case is dismissed without prejudice. This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court directs the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

**IT IS SO ORDERED.**